Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 31 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

U.S.A. vs. <u>JUSTIN JAMES MEYERS</u>          Docket No. <u>CR 00-00279SOM-01</u>

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW JOYCE K. F. K. LUM, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Justin James Meyers who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 19th day of February 2002, who fixed the period of supervision at five (5) and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The offender failed to submit a Monthly Supervision Report for July, August, and September of 2006, and failed to report to the Probation Office on 10/10/2006; all in violation of Standard Condition No. 2.

2. The offender failed to notify the Probation Office 10 days prior to his change in residence, in violation of Standard Condition No. 6.



SEALED BY ORDER OF THE COURT

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    10/30/2006

JOYCE K. F. K. LUM
U.S. Probation Officer

Approved by:

GENE DeMELLO, Jr.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 30th day of October, 2006, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

Re:  **MEYERS, Justin James**
    **Criminal No. CR 00-00279SOM-01**
    **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/19/2002, the offender pled guilty to <u>Count 1:</u> Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B) and <u>Count 2:</u> Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B), a Class C felony. Supervised release commenced on 7/2/2004.

On the onset of supervision, the offender gained employment and maintained a stable residence. On 6/15/2006, he completed substance abuse treatment and all drug tests were negative for illicit drugs. On 6/13/2006, the offender began operating a lunch wagon business, which eventually closed sometime in August 2006. The offender and his girlfriend have one child, however, their relationship recently terminated. Although the offender's adjustment on supervision appeared to be satisfactory, his recent technical violations are of concern. Furthermore, the offender has been unavailable for supervision since 10/3/2006. The violations are as follows:

**<u>Violation No. 1 - The offender failed to submit a Monthly Supervision Report for July, August, and September of 2006, and failed to report to the Probation Office on 10/10/2006</u>:**

Standard Condition No. 2 requires that the offender submit a Monthly Supervision Report (MSR) by the fifth of each month. The offender failed to submit monthly supervision reports for the months of July, August, and September of 2006. On 6/5/2006, a letter was sent to the offender's residence reminding him to submit his MSR's in a timely manner. On 10/6/2006, this officer sent a letter to the offender's residence instructing him to report to the office on 10/10/2006 and submit his delinquent MSR's for July through September. The offender failed to report as instructed. He did not submit his MSR's.

However, on 10/10/2006, the offender contacted the Probation Office and spoke to a duty officer, Merilee Lau, despite the fact that this officer was in the office at the time of the call. It is unknown as to why the offender did not request to speak to this officer. Rather, the offender spoke with Ms. Lau and reported that his relationship with his girlfriend terminated and he was no longer living at his reported residence (with his girlfriend at her parents' house.) The offender reported that he was staying with a friend at 1476 Charles Street in Kapahulu. The offender further reported that he no longer had a cellular telephone.

**<u>Violation No. 2 - The offender failed to notify the Probation Office 10 days prior to his change in residence</u>**

Based on the offender's report to Ms. Lau that he was living with a friend at 1476 Charles Street in Kapahulu, on 10/11/2006, a letter of instruction was sent to this address instructing the offender to report to the Probation Office on 10/17/2006 at 10:00 a.m. to

Re:  **MEYERS, Justin James**
     **Criminal No. 00-00279SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 2**

meet with this officer. The offender was also instructed to submit the MSR's for July, August, and September. However, the letter was returned to the Probation Office, stamped "RETURNED TO SENDER" and "UNDELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." In a further effort to locate the offender, on 10/18/2006, this officer attempted to locate the offender at 1476 Charles Street. Upon arriving on Charles Street, it was observed that the address of 1476 provided by the offender did not exist. As further verification that 1476 Charles Street is not a legitimate address, a check with MAP QUEST revealed Charles Street addresses having a series of 3100-3199.

As a result, the offender's whereabouts are unknown and he is unavailable for supervision. In considering the offender's unknown whereabouts, it is requested that the Court issue a No Bail warrant for the offender's appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

JOYCE K. F. K. LUM
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

JKFKL/tcp

Re:   **MEYERS, Justin James**
      **Criminal No. 00-00279SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      Justin James Meyers
Address:

Docket No.  CR 00-00279SOM-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (6/30/04).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) That the defendant is prohibited from possessing any illegal or dangerous weapons.*

*(2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     3-11-04
JUSTIN JAMES MEYERS                           Date
Defendant

_____              3-11-04
LISA K.T. JICHA                              Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   MEYERS, Justin James
       Docket No. CR 00-00279SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)   *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   3-11-04
          JUSTIN JAMES MEYERS              Date
          Defendant

         _____   3-11-04
          LISA K.T. JICHA                  Date
          U.S. Probation Officer